# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

FR. RYAN GAVELINGER-SCOTT, et. al., )
    Plaintiffs, )
)
v. ) Case No.16-CV-04258-NKL
)
RUSSELL HARRISON, et al., )
)
    Defendants. )
)

**ORDER**

Before the Court are Defendants' Motion to Dismiss Defendant Howard County Sheriff's Department, [Doc. 13], and Partial Motion to Dismiss, [Doc. 15]. For the following reasons, both Motions are granted.

**I. Background[1]**

Plaintiffs bring this suit under 42 U.S.C. § 1983, alleging Defendant Howard County employees violated their civil rights by, *inter alia*, maliciously prosecuting, falsely arresting, and falsely imprisoning Plaintiff Ryan Gevelinger.

Gevelinger is a Traditionalist Catholic priest belonging to an independent Benedictine Sect. In 2014, Gevelinger relocated to Armstrong, Missouri, where he purchased an abandoned church, made repairs to the building, and began holding church services there, naming the church

---

[1] These facts appear in Plaintiffs' Amended Complaint. [Doc. 4]. For purposes of deciding the Defendants' Partial Motion to Dismiss, the Court accepts Plaintiffs' factual allegations as true and construes them in the light most favorable to him. *See Stodghill v. Wellston Sch. Dist.,* 512 F.3d 472, 476 (8th Cir. 2008).

and adjoining Abbey "Congregario Ordinis Sancti Benedicti." Plaintiff Patricia Baldrige, known as Sister Monica, was a member of Gevelinger's church in Iowa and joined Gevelinger in Armstrong. Gevelinger and the Abbey struggled financially.

Defendant Russell Harrison, a Deputy with the Howard County Sheriff's Department, was a frequent guest of Gevelinger's church, although he was not a member. Plaintiffs became socially acquainted with Harrison and Baldridge made Harrison and Gevelinger co-trustees of her estate and trust.

At some point thereafter the relationship soured. Harrison reported to the Howard County law enforcement that Baldridge asked him for "help to leave" Gevelinger because Gevelinger was attempting to exploit her. On or about March 31, 2015 Defendants entered Plaintiffs property and the Abbey, seized property belonging to the Plaintiffs and the Abbey, and began an investigation. Harrison drafted, signed and presented a probable cause statement and Gevelinger was charged with three felony counts of financial exploitation of the elderly. Gevelinger was held in prison for over nine months during the investigation.

At the preliminary hearing for Gevelinger's criminal case, Baldridge "testified that Defendant Harrison's account of events was inaccurate, wrong, and that in fact Fr. Ryan had done nothing wrong." [Doc. 4, p. 13]. The financial exploitation charges were dismissed against Gevelinger, but he plead guilty to unlawful possession of a firearm, which was seized in one of the searches conducted during the investigation.

Plaintiffs' Amended Complaint, [Doc. 4], alleges eight counts: (I) Malicious Prosecution, False Arrest, Use of Unreliable and Fraudulent Investigatory Techniques, Procurement of Unreliable and Fabricated Evidence, Violation of Free Exercise of Religion, Infringing Freedom of Speech, Infringing Freedom of Assembly, Taking without Just Compensation of Property,

2

Wrongful Conviction and Imprisonment; (II) Conspiracy; (III) Suppression of Exculpatory Evidence; (IV) Violative Policies, Practices and Procedures; (V) Common Law Negligence Resulting in Wrongful Incarceration and Continued Detention; (VI) False Arrest; (VII) Malicious Prosecution; and (VIII) Defamation and Fraud.

**II. Discussion**

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Twombly*, 550 U.S. at 547, and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the Plaintiffs. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

**A. Motion to Dismiss Defendant**

Defendant Howard County moves to dismiss Defendant designated as "Howard County Sherriff's Department" because, as a matter of law, the Howard County Sheriff's Department is not a separate legal entity amenable to suit. [Doc. 14]. Plaintiffs stipulate to the dismissal, without prejudice. [Doc. 20].

Under Missouri law, the Howard County Sheriff's Department is not a suable entity. *See Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968–69 (E.D. Mo. 2004) ("A local entity, such as a county sheriff's department, which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions of FRCP 17."); *see also Ketchum v.*

*City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

Howard County Sheriff's Department is dismissed as a Defendant with prejudice. *See* Fed. R. Civ. Pro. 17(b).

**B. Partial Motion to Dismiss**

Defendant moves to dismiss Count III of Plaintiff's Amended Complaint, which alleges Defendants are liable for failing to disclose exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83 (1963). Defendant denies any failure to disclose such information and, even accepting Plaintiffs' allegations as true for the purpose of this Motion, argues Count III fails to state a viable claim for relief. [Doc. 16].

To be liable for failing to disclose exculpatory evidence, a criminal defendant must have been convicted. *See Livers v. Schenck,* 700 F.3d 340, 359 (8th Cir. 2012) ("Assuming appellants failed to disclose exculpatory evidence, there was no *Brady* violation because [former defendants] were not convicted.); *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999) (holding *Brady* is violated only when "there is a reasonable probability that the suppressed evidence would have produced a different verdict"); *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) (explaining that where "all criminal charges were dismissed prior to trial[,] ... courts have held universally that the right to a fair trial is not implicated and, therefore, no cause of action exists under § 1983").

In this case, Plaintiffs' Amended Complaint does not specify what exculpatory evidence Plaintiffs believe exist or which charges that evidence would have affected. Since the financial exploitation of the elderly charges were dismissed, Count III does not state a claim for relief for a *Brady* violation regarding those charges.

Plaintiffs' Suggestions in Opposition to this Motion suggest that exculpatory evidence

4

may have existed which would have altered Gevelinger's guilty plea in the separate criminal matter for unlawful possession of a firearm. [Doc. 20]. Plaintiffs argue that, because Defendant Harrison had a conflict of interest, the probable cause statement he authored should not have supported a warrant, which lead to the seizure of Gevelinger's firearm and eventual guilty plea. Even assuming that to be true, Plaintiffs point to a flawed warrant and lack of probable cause, which could be grounds for exclusion under the "fruit of the poisonous tree" doctrine. *See Wong Sun v. United States*, 371 U.S. 471 (1963). That does not constitute exculpatory *Brady* evidence, which is evidence material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).

Plaintiffs also argue that Count III is not ripe because Gevelinger has filed to have that guilty plea set aside. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Therefore, unless Gevelinger's conviction is invalidated or expunged, Count III does not state a claim for relief.

While Plaintiffs contend this Motion is not ripe because Gevelinger has moved to set aside his guilty plea, it is actually Count III of Plaintiffs' Amended Complaint that is not yet ripe. "The touchstone of a ripeness inquiry is whether the harm asserted has 'matured enough to warrant judicial intervention.'" *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (citation omitted). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at 875–76 (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)). Plaintiffs cannot state a claim for relief under § 1983 for

5

violations relating to his firearm conviction unless that conviction is invalidated or expunged, an event "that may not occur as anticipated, or indeed may not occur at all.'" *Id.*

Defendants' Motion to Dismiss Count III is granted, but Count III is dismissed without prejudice. If Plaintiffs provide the Court evidence that Gevelinger's guilty plea for unlawful possession of a firearm is invalidated or expunged, Plaintiffs may reassert Count III of their Amended Complaint.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Howard County Sheriff's Department as a Defendant, [Doc. 13], is granted. Howard County Sheriff's Department is dismissed as a defendant with prejudice. Defendants' Partial Motion to Dismiss, [Doc. 15], is granted. Count III of Plaintiffs' Amended Complaint is dismissed without prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  February 23, 2017
Jefferson City, Missouri